**Order filed July 25, 2013**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00643-CR
_____

**CHRISTOPHER WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1301887**

## ABATEMENT ORDER

Appellant is represented by appointed counsel, **Emily Munoz-DeToto**. Appellant's brief was originally due **October 8, 2012,** but no brief has been filed. When appellant failed to file a brief after being granted an extension of time, this court abated the appeal and directed the trial court to conduct a hearing to determine why no brief had been filed.

On March 11, 2013, a record of the trial court's hearing was filed. At the hearing, appellant's counsel informed the trial court that appellant's brief would be filed by March 15, 2013, and the trial court so ordered. The appeal was reinstated,

but appellant's brief was not filed on March 15, 2013. Appellant requested and was granted an extension of time to file the brief until **July 1, 2013,** but counsel was notified that no further extensions would be granted. The brief was not filed. Counsel and the trial court were notified on July 11, 2013, that no brief had been filed. Appellant's counsel did not file a response to this court's notice. Appellant's brief is now more than nine months past due. Accordingly, we issue the following order:

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of the 248th District Court shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether new counsel should be appointed to represent appellant to ensure effective assistance of counsel on appeal; (b) appoint new counsel, if necessary; (c) determine a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. The judge shall order the trial clerk and court reporter to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the trial court's findings or orders. Those records shall be filed with the clerk of this court on or before **August 23, 2013.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental records are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion.

PER CURIAM

2

# RULE 38.  REQUISITES OF BRIEFS

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect.  An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice.  If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.  If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing.  In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action.  Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.  If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.